UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE MEADOWS ROAD AND PROPERTY OWNERS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>USDA FOREST SERVICE,<br><br>Defendant. | Case No. 1:22-cv-01657-JLT-BAM<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECTUATE SERVICE**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.     Background**

Plaintiff Eagle Meadows Road and Property Owners' Association ("Plaintiff"), proceeding with counsel, filed this action under the Federal Tort Claims Act ("FTCA") against the Defendant United States Department of Agriculture Forest Service ("Forest Service") and Does 1 through 20 on December 30, 2022.[1] (Doc. 1.) The matter arises from the alleged failure to provide maintenance funds to repair the National Forest Transportation System Road 5N01. Plaintiff's members seek damages sustained as a result of the Forest Service's alleged negligence.

On February 14, 2023, Plaintiff filed a Proof of Service of Summons. According to the proof of service, the summons and complaint were personally served on the "United States

---

[1] "The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (concluding district court properly dismissed the plaintiff's "action to the extent [the] complaint named Does 1 through 20 as additional defendants").

1

1   Department of Agriculture Office of General Counsel – DC Main Office" on February 13, 2023.

2   (Doc. 6 at p. 1.)

3         Pursuant to Federal Rule of Civil Procedure 4(i), in order to serve a United States agency,

4   a party must serve the United States and also send a copy of the summons and complaint by

5   registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, a

6   party must:

7       (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

8

9

    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

10

11       (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

12

13       (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

14   Fed. R. Civ. P. 4(i)(1).

15         Plaintiff's proof of service does not demonstrate compliance with the provisions of either

16   Rule 4(i)(1) for serving the United States or 4(i)(2) for serving a United States agency. The Court

17   notes, however, that "[t]he United States is the only proper defendant in an FTCA action." *Lance*

18   *v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (concluding district court properly dismissed

19   the plaintiff's "action to the extent [the] complaint named Does 1 through 20 as additional

20   defendants").

21         On June 1, 2023, the Court held a status conference to address service of the summons

22   and complaint. At the conference, Plaintiff's counsel confirmed that service would proceed on

23   the government in compliance with Federal Rule of Civil Procedure 4(i) and that the proper party

24   would be named in the complaint. Plaintiff's counsel also confirmed that the pending motion for

25   entry of default would be withdrawn. (Doc. 12.)

26         On June 9, 2023, Plaintiff withdrew the motion for entry default. (Doc. 13.) To date,

27   however, Plaintiff has not filed proof of service of the summons and complaint in compliance

28   with Rule 4(i) nor has Plaintiff named the proper party in the complaint. Plaintiff therefore will

be required to show cause why this action should not be dismissed without prejudice for failure to effectuate service.

## II.     Discussion

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The complaint in this action has been pending for more than one year without effective service on defendant.  Moreover, it has been more than six (6) months since Plaintiff's counsel confirmed that service would be effectuated on the government under Rule 4(i).  Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why the action should not be dismissed.

## III.    Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. **Within twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed.  Plaintiff may comply with this Order by filing a notice of voluntary dismissal; and

2. Plaintiff is advised that the failure to respond to this order or the failure to show cause will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:   **January 2, 2024**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

3