# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE MOUNTAIN ROAD & PROPERTY OWNERS' ASS'N,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:22-cv-01657-JLT-BAM<br><br>ORDER GRANTING MOTION TO DISMISS<br>(Doc. 28) |

## I. INTRODUCTION

Before the Court is the United States' motion to dismiss Eagle Mountain Road & Property Owners' Association's first amended complaint under Federal Rules of Civil Procedure 12(b)(6). (Doc. 28). For the reasons set forth below, the Court grants the motion.

## II. BACKGROUND

On January 5, 2015, the U.S. Department of Agriculture and Forest Service issued an authorization permit to Plaintiff to use Road 5N01. (Doc. 16, ¶ 9.) Plaintiff is a non-profit association with members who work cooperatively with Defendant to maintain Road 5N01 in exchange for road access to private properties when Road 5N01 is closed to the public. (*Id.*, ¶ 10.) On August 1, 2018, the Donnell Fire started due to an unknown cause and burned 36,450 acres before it was declared 100% contained on November 28, 2018. (*Id.*, ¶¶ 14–15.) Road 5N01 was heavily trafficked by semitrucks carrying bulldozers and water trucks to combat the fire.

1  (*Id.*, ¶ 17.)  The narrow nature of the road necessitated that trucks move onto the shoulders with
2  cross traffic, which Plaintiffs allege caused damage to the paved areas and edges of the asphalt.
3  (*Id.*, ¶ 17.)  Plaintiff alleges that this use of the road carried away gravel paid for by Plaintiff's
4  members and destroyed drainage, slopes, runoff, crowing, and ditching of the road.  (*Id.*, ¶ 19.)
5  Plaintiff met with Defendant's road engineer, who allegedly informed Plaintiff that the Burned
6  Area Emergency Response ("BAER") plan had already been signed and it was too late to obtain
7  additional funding for the road's repair.  (*Id.*, ¶ 24.)  Plaintiff alleges that it will cost $1,310,328
8  to repair Road 5N01.  (*Id.*, ¶ 28.)  Following that meeting, Plaintiff filed its complaint against
9  Defendant.  (*See generally* Doc. 16.)

### III.    LEGAL STANDARD

11  Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on
12  the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R.
13  Civ. P. 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the
14  complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss,
15  "all allegations of material fact are taken as true and construed in the light most favorable to the
16  non-moving party."  *In re Facebook, Inc. v. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir.
17  2020).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be
18  accepted as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

19  A claim is facially plausible "when the plaintiff pleads factual content that allows the
20  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
21  *Iqbal*, 556 U.S. at 678.  A complaint that offers mere "labels and conclusions" or "a formulaic
22  recitation of the elements of a cause of action will not do."  *Id.*; *see also Moss v. U.S. Secret Serv.*,
23  572 F.3d 962, 969 (9th Cir. 2009).  "Dismissal is proper only where there is no cognizable legal
24  theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro*,
25  250 F.3d at 732.

26  If the court dismisses the complaint, it "should grant leave to amend even if no request to
27  amend the pleading was made, unless it determines that the pleading could not possibly be cured
28  by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making

this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## IV.   DISCUSSION

Plaintiff alleges that under the Federal Tort Claims Act, Defendant is liable for the conduct of the Department of Agriculture and Forest Service. (Doc. 16, ¶ 36.) Plaintiff avers that the "USDAFS was negligent in their ownership, maintenance, service, repair, control, operation, and/or maintenance during the Fire" and negligently signed the BAER plan without inspecting Road 5N01. (Doc. 16, ¶¶ 32–34.) To survive a 12(b)(6) motion to dismiss under the FTCA, a plaintiff must allege that "the United States, if a private person, would be liable to the claimant under state law." *Brownback v. King* 592 U.S. 209, 218 (2021) (quoting 28 U.S.C. § 1346(b)). More specifically, the FTCA waives sovereign immunity for claims against the United States where the claim is: "[1] against the United States, [2] for money damages . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). Each element must be adequately pled for a plaintiff to sufficiently allege a claim under the FTCA. *Id.*

### A.   Loss of Property

Defendant contends that Plaintiff's claim fails on the third element—for injury or loss of property. (Doc. 28-1 at 4.) Plaintiff argues that the significant investments made to maintaining Road 5N01, even though made on government property, represent a property interest lost due to Defendant's alleged negligence. (Doc. 32 at 5.) Conversely, Defendant argues that because the special use permit is revocable and terminable at will, 36 C.F.R. § 251.51, Plaintiff does not have any property interest in the road. (Doc. 28-1 at 4.) However, Defendant argues that because Plaintiff bases its claim on the damage to the improvements made to Road 5N01, that under the

3

express language of the special use permit, Plaintiff "expressly waived any claim arising from damage to these improvements when it agreed to 'assume[] all risk to the authorized improvements.'"  (Doc. 28-1 at 4 (quoting Doc. 16 at 15).)

When ruling on a motion to dismiss for failure to state a claim, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Plaintiff attached the special use permit to its first amended complaint, relied upon the permit, and there is no dispute to the authenticity of the copy attached; therefore, the Court will consider the permit and the release language contained therein.  *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) ("Our relevant case law has recognized that the district court may, but is not required to incorporate documents by reference.").  (*See generally* Doc. 16.)

"Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous."  *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220, 221 (9th Cir. 2000).  "A contract provision will be considered ambiguous when it is capable of two or more reasonable interpretations."  *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1040 (C.D. Cal. 2008).  "[A] written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress or undue influence."  *Skrbina v. Fleming Companies, Inc.*, 45 Cal. App. 4th 1353, 1366 (1996).  "To be effective, a release need not achieve perfection . . . It suffices that a release be clear, unambiguous, and explicit, and that it express an agreement not to hold the released party liable for negligence."  *Nat'l & Int'l Bhd. of St. Racers, Inc. v. Superior Ct.*, 215 Cal. App. 3d 934, 938 (1989).  If the release contemplates negligence through reference to responsibility, liability, injuries, losses, or accidents, the release language is sufficiently unambiguous such that no "material factual or legal issue to avoid the release's enforcement" exists.  *Spence v. U.S.*, 629 F.

Supp. 2d 1068, 1072–84 (E.D. Cal. 2009), *aff'd* 374 F. App'x 717 (9th Cir. 2010).

The special use permit provides that Plaintiff "assumes all risk of loss to the authorized improvements" and that Plaintiff:

> [S]hall indemnify, defend, and hold the United States harmless for any violations incurred under any such laws and regulations or for judgments, claims, or demands assessed against the United States in connection with the holder's use or occupancy of the property. [Plaintiff's] indemnification of the United States shall include any loss by personal injury, loss of life or **damage to property** in connection with the occupancy or use of the property during the term of this permit. Indemnification shall include, but is not limited to, the value of resources damaged or destroyed; **the costs of restoration**, cleanup, or other mitigation; fire suppression or other types of abatement costs; third party claims and judgments; and all administrative, interest, and other legal costs.

(Doc. 16 at 15 (emphasis added)).  Plaintiff does not challenge this language as ambiguous, nor does Plaintiff argue that this express agreement cannot apply to the negligence claim.  (*See generally* Doc. 32.)  Because this language explicitly and unambiguously indicates that the United States cannot be held liable for damage to Road 5N01, no legal issue to avoid the release's enforcement exists.  *See Spence*, 629 F. Supp. 2d at 1084.  The release is not capable of two or more reasonable interpretations, nor does Plaintiff even propose an alternative interpretation to avoid the clause's application.  *See Monaco*, 554 F. Supp. 2d at 1040.  Therefore, Defendant's motion to dismiss is **GRANTED**, and because no amendment can evade the applicability of this provision, the motion is granted with prejudice.[1]

### CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss is **GRANTED**.

IT IS SO ORDERED.

Dated:   **November 6, 2024**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendant contends that the United States, if a private person, would not be liable to the Plaintiff in accordance with the law of the place where the alleged negligence occurred, as required by the FTCA. (Doc. 28 at 4.)  Because the Court has already dismissed the negligence claim on the third element, the Court need not delve into the United States' liability under the sixth element.